Edwin J. LEBEL, Petitioner,

v.

BATH IRON WORKS CORPORATION
et al., Respondents.

No. 76–1148.

United States Court of Appeals,
First Circuit.

Argued Sept. 14, 1976.
Decided Nov. 15, 1976.

Patrick N. McTeague, Brunswick, Me., with whom Ranger, McTeague & Higbee, P. A., Brunswick, Me., was on brief, for petitioner.

Francine K. Weiss, Atty., U. S. Dept. of Labor, Washington, D.C., with whom William J. Kilberg, Solicitor of Labor, and Laurie M. Streeter, Associate Solicitor, Washington, D. C., were on brief, for Director , Office of Workers' Compensation Programs, for respondent.

Robert F. Hanson, Portland, Me., for Bath Iron Works Corp. and Employers' Liability Assur., appellees.

Before COFFIN, Chief Judge, CLARK, Associate Justice, U. S. Supreme Ct. (Ret.),* CAMPBELL, Circuit Judge.

PER CURIAM:

This is a review of the compensation award made to Edwin J. Lebel, Petitioner, finding him to be permanently and totally disabled by reason of work-related occupational disease while employed at the Bath Iron Works Corporation. He was awarded $87.87 a week for life together with attorney fees of $6,268.65. Under the provisions

* Sitting by designation.

of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c) (Supp. IV, 1974), both Lebel and Bath Iron Works appealed to the Benefits Review Board; Bath's appeal, however, was dismissed for want of prosecution. Although Lebel originally claimed that he was enti to an award of $160 weekly for life, he indicated at oral argument that he was abandoning the claim. The Fifth Circuit has recently upheld the interpretation of the Act adopted by the administrative law judge and Benefits Review Board. *Landrum v. Air America, Inc.*, 534 F.2d 67 (5th Cir. 1976). Lebel now seeks review only of the Board's denial of attorney's fees of 20 percent of the present value of claimant's recovery for prosecuting the claim before the administrative law judge and its denial of an additional fee for services related to the appeal before the Board.

The Act provides for awarding reasonable attorney's fees to a claimant's attorney. 33 U.S.C. § 928 (Supp. IV, 1974). In his fee application submitted to the administrative law judge, the claimant proposed two alternatives: (1) $60 per hour for 89.8 hours, or (2) $26,000 (20% of $130,000, estimated ultimate compensation). The administrative law judge accepted the first alternative.

In substance, the claimant now contends that the fee should be based on a percentage of the award. However, such a fee not only thwarts the intent of section 928 (which places the fixing of the fee in the tribunal making the award) but is contrary to 20 C.F.R. § 702.132 (1975), prohibiting stipulated and contingent fees.

Nor do we find the refusal of the Benefits Review Board to award a fee for services before it to be erroneous. While the Act and Regulations provide for an additional fee where work is necessarily performed before the Benefits Review Board, 33 U.S.C. § 928(c); 20 C.F.R. § 702.-132, the Employer/Carrier's appeal was dismissed for lack of prosecution and Lebel's appeal was denied; and in the circumstances we find no abuse of discretion by the Board in declining to approve an additional fee.

Finally, we are satisfied that the Benefits Review Board did not err in concluding both that the fee allowed was just and reasonable and that the administrative law judge did not clearly take the amount of the award into account in setting the fee was immaterial under the circumstances. We have no difficulty saying that the Board committed no error in concluding that the $6,268.65 fee was reasonable, and we believe that the Board was within its power in saying its determination that the fee was reasonable removed the need for any further inquiry.